## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| **PRC Environmental, Inc.** §§§§ **Plaintiff,** §§ **v.** §§§ **The *Resolve*, her equipment, engines, tackle, furniture, apparel and appurtenances, *in rem*, Barge 650-3, her equipment, engines, tackle, furniture, apparel and appurtenances, *in rem*, Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation, *in personam* §§§§§§§§§§§§§§§ **Defendants** | **Civil Action No. \_\_\_\_\_** **Fed. R. Civ. P. 9(h) – Admiralty** |

## VERIFIED COMPLAINT

COMES NOW, Plaintiff PRC Environmental, Inc. ("PRC"), a certified State of Texas Historically Underutilized Business (HUB), and for its Verified Complaint against the *Resolve*, her equipment, engines, tackle, furniture, apparel and appurtenances, *in rem*, Barge 650-3, her equipment, engines, tackle, furniture, apparel and appurtenances, *in rem* (sometimes collectively the "Vessels"), Intrepid Ship Management, Inc. ("Intrepid"), Vessel Management Services, Inc. ("VMS"),

and Crowley Maritime Corporation ("Crowley"), *in personam* (collectively the "Defendants"), would should this Honorable Court the following:

## I.
## JURISDICTION

1.1 PRC's claims against the Vessels, *in rem*, and the Defendants, *in personam*, present an admiralty or maritime case within the jurisdiction of the United States and this Honorable Court pursuant to Article III, section 2 of the U.S. Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and are also brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and any other applicable laws and/or provisions

## II.
## VENUE

2.1 Venue is proper in this District pursuant to 28 U.S.C. section 1391 as the events or omissions giving rise to this claim occurred in this District.

## III.
## PARTIES

3.1 Plaintiff PRC is a Texas Corporation.

3.2 Defendant, *in rem*, the *Resolve* (IMO-9369382, Call Sign WDD7117), is a United States-flagged articulated push tug of 1,043 gross tons built in 2007 (the "*Resolve*").

3.3     Defendant, *in rem*, Barge 650-3 (IMO-9369332) is a United States-flagged non-propelled products tank barge of 13,462 gross tons built in 2007 ("Barge 650-3").

3.4     Defendant, *in personam*, Intrepid, is, and at all relevant times was, a corporation organized and exiting under the laws of the State of Delaware, and was at all relevant times the operator of the *Resolve* and Barge 650-3.  Intrepid does not have a designated agent upon whom service of process may be had for causes of action arising out of business done in the State of Texas.  This suit arises out of Intrepid's contacts in the State of Texas, and pursuant to Texas Civil Practice and Remedies Code section 17.044(b), service of process is to be made by serving the Secretary of State of Texas as agent for Intrepid.

In accordance with Texas Civil Practice and Remedies Code section 17.045, the Texas Secretary of State is requested to forward a copy of this Complaint, along with Summons, to Intrepid, by forwarding same via certified mail, return receipt requested, to Defendant Intrepid Ship Management, Inc., at its home office, 9487 Regency Square Blvd., Jacksonville, FL 32225.

3.5     Defendant, *in personam*, VMS, is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, and was at all relevant times the registered owner of both the *Resolve* and Barge 650-3.

VMS does not have a designated agent upon whom service of process may be had for causes of action arising out of business done in the State of Texas. This suit arises out of VMS's contacts in this State, and, pursuant to Texas Civil Practice and Remedies Code section 17.044(b), service of process is to be made by serving the Secretary of State of Texas as agent for VMS.

In accordance with Texas Civil Practice and Remedies Code section 17.045, the Texas Secretary of State is requested to forward a copy of this Complaint, along with Summons, to Defendant VMS by forwarding same via certified mail, return receipt requested, to Defendant Vessel Management Services Inc., at its home office, 4535 North Rampart Street, New Orleans, LA 70117-4745.

3.6   Defendant, *in personam,* Crowley, is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware, and was at all relevant times the desponent owner of the *Resolve* and Barge 650-3. Crowley does not maintain a regular place of business in Texas, and does not have a designated agent upon whom service of summons may be had for causes of action arising out of business done in the State of Texas. This suit arises out of Crowley's contacts in this State, and, pursuant to Texas Civil Practice and Remedies Code section 17.044(b), service of process is to be made by serving the Secretary of State of Texas as agent for Crowley.

In accordance with Texas Civil Practice and Remedies Code section 17.045, the Texas Secretary of State is requested to forward a copy of this Complaint, along with Summons, to Defendant Crowley, by forwarding same via certified mail, return receipt requested, to Defendant Crowley Marine Corporation, at its home office, 9487 Regency Square Blvd., Jacksonville, FL 32225.

## IV.
## FACTS

4.1   On or about August 4, 2012, the *Resolve*, which was connected to Barge 650-3 into an articulated tug barge combination or "ATB," departed the slip at Pier 41 in Galveston and allided with the *Ocean Prospector*, a self-propelled, semi-submersible drilling rig (the "Rig") which was moored at Pier 41, Galveston, Texas, at the facility of Malin International Ship Repair & Drydock, Inc. ("Malin").

4.2   Prior to the allision, the Rig had recently been towed across the Galveston Ship Channel from Gulf Copper & Manufacturing Corporation to the Malin facility, and moored according to a mooring plan approved by Malin, Offshore Mechanics, and London Offshore Consultants, Inc., underwriter's warranty surveyor, and at a location at Pier 41 directed by Malin.

4.3   At all relevant times, PRC was engaged in a joint venture with Francisco Moreno, owner of the Rig, to market it for lease, sale or charter to third parties.

4.4    At the time of the allision, the joint venture was substantially underway with PRC expending, and continuing to expend, a significant amount of time, money and resources dedicated to the project, and at present in excess of more than $3,650,000.

4.5    Also in connection with the joint venture, PRC was working closely with subcontractors to obtain bids for the mooring, drydocking and equipment installation on the Rig to refurbish, upgrade and convert it into a dynamically positioned accommodation vessel, for sale or lease as such.

4.6    In addition, PRC had met with multiple potential interested and qualified investors, performed substantial due diligence, procured an engineering study and had worked closely with an offshore engineering, procurement, construction and installation company to prepare a detailed and thorough investment proposal specifying project logistics and details, which had been disseminated.

4.7    As a result of the August 4, 2012, allision, the Rig sustained substantial structural damage.  Despite being at fault for the allision, Defendants, and each of them, have failed and refused, and continue to fail and refuse, to compensate PRC for the damages to the Rig, and consequently the damages to PRC.

4.8    Defendants, and each of them, have caused such damage to the Rig, and have engendered such delay by their acts and failures to act, that the process of

converting the Rig into an accommodation and leasing it to third parties has been substantially delayed, and will either no longer proceed as planned due to the acts and failures to act of Defendants, and each them, or will proceed but at a greater cost to PRC, and for less profit.  This damage and delay caused by Defendants, and each of them, has and continues to damage PRC, including the loss or impairment of its current investment in the Rig of more than $3,650,000, as well as loss of profits for the sale of the Rig, and for loss of future profits and prospective business opportunities, currently calculated to be at least $258,000,000.

## V.
## NEGLIGENCE AND UNSEAWORTHINESS

5.1     Plaintiff repeats and re-alleges each and every foregoing paragraph as though fully again set forth.

5.2     The August 4, 2012, allision between the *Resolve*, Barge 650-3 and the Rig was caused or contributed to by the fault, negligence, neglect, and want of care on the part of Intrepid, VMS, Crowley, and/or the *Resolve*, Barge 650-3, their employees, servants and/or agents, including the Master and Crew aboard the combined *Resolve*/Barge 650-3, and of unseaworthy conditions within the systems, machinery and equipment of the *Resolve* and Barge 650-3, all of which were the legal cause of the incident and of the resulting damages incurred by PRC.

5.3   At all relevant times, those in charge of the *Resolve*/Barge 650-3, and those responsible for the *Resolve*/Barge 650-3, failed to exercise reasonable care and observe the standards of good and prudent seamanship in the following respects:

    5.3.1   The *Resolve*/Barge 650-3 failed to properly navigate and maneuver in accordance with the applicable rules of navigation;

    5.3.2   The *Resolve*/Barge 650-3 was manned by an incompetent, careless, inattentive and/or experienced crew;

    5.3.3   The *Resolve*/Barge 650-3 failed to take reasonable and timely action to prevent or minimize the allision;

    5.3.4   The *Resolve*/Barge 650-3 failed to watch out for her own safety in the prevailing circumstances;

    5.3.5   The *Resolve*/Barge 650-3 failed to maintain a proper lookout;

    5.3.6   The *Resolve*/Barge 650-3 failed to make proper and adequate use of radar and the AIS system;

    5.3.7   The *Resolve*/Barg650-3 disregarded applicable rules of the road and basic principles of navigation;

    5.3.8   The *Resolve*/Barge 650-3 failed to take timely corrective, evasive or precautionary actions to avoid the aforesaid allision and/or to minimize its destructive effect; and

    5.3.9   Other statutory breaches and/or negligence as specified herein and/or as proven at trial of this case.

5.4   The foregoing acts and omissions caused the allision and the resulting damages to PRC.

5.5     PRC invokes the presumption of fault based on the rules articulated in *The OREGON*, 158 U.S. 186, 15 S.Ct.804, 39 L.#d. 1943 (1985) and *The Louisiana*, 70 U.S. 164, 3 Wall, (780 U.S.) 164 18 L.Ed. 85 (1865).  The Rule of *The OREGON* creates a preemption of fault that shifts the burden of production and persuasion to a moving vessel who, under her own power, allides with a stationary object.

5.6     At the time of the allision, the *Resolve*/Barge 650-3 was a moving vessel; the Rig was stationary.  Accordingly, a presumption of negligence arises on the part of the *Resolve*/Barge 650-3 and their owners and operators, which shifts the burden of production and persuastion on the issue of fault of the *Resolve*/Barge 650-3, *in rem*, and their owners and operators, *in personam*.

5.7     PRC invokes *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136, 22 L.Ed. 148 (1873).  The Fifth Circuit has applied the rule in cases involving allisions.  *Trico Marine Assets Inc. v. Diamond B. Marine Servs. Inc.*, 332 F.3d 779, 786 (5th Cir. 2003).  At the time of the allision, the *Resolve*/Barge 650-3, their owners and operator, failed to adhere to statutory regulations, standards and laws designed to prevent allisions.  As such, Defendants, and each of them, must now prove "not merely that [their] fault might not have been the cause [of the damages], or that it probably was not, but that it could not have been."  *The Pennsylvania*, 86 U.S. (19 Wall.) 125, 136 (1983).

## VI.
## ALLEGATIONS IN SUPPORT OF RULE C ARREST

6.1     Plaintiff repeats and re-alleges each and every foregoing paragraph as though fully again set forth.

6.2     As a result of the injuries and damages complained of herein, PRC's claims arise from a maritime tort and attach as a maritime lien on the *Resolve*, and Barge 650-3, or either of them, in favor of PRC, and enforceable *in rem*.

6.3     Accordingly, PRC seeks to enforce its maritime lien against the *Resolve*, and Barge 650-3, or either of them, *in rem*, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims.

## VII.
## DAMAGES

7.1     Plaintiff repeats and re-alleges each and every foregoing paragraph as though fully again set forth.

7.2     As a result of Defendants' negligence, and each of them, and the unseaworthiness of the *Resolve* and Barge 650-3, PRC, without any fault of its own, has incurred and continues to incur considerable damages, including the loss or impairment of at least $3,600,000, representing the amount invested in the project thus far, as well as loss of profits for the sale of the Rig, and the loss of at least $258,000,000 in future profits that would have resulted from the lease of the

Rig as an accommodation, as well as other future business opportunities, which it seeks to recover in this case.

## VIII.
## PRAYER

WHEREFORE, PRC Environmental, Inc., prays:

8.1.1   That warrants may issue for the arrest of the *Resolve*, and Barge 650-3, either alone or both combined, that all persons claiming any interest therein may be cited to appear and answer this matter;

8.1.2   That a summons issue to Defendants Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation, *in personam*, citing them to appear and answer the matter aforesaid;

8.1.3   That this Court enter judgment in favor of PRC and against the *Resolve* and Barge 650-3, *in rem*, and against Defendants, Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corporation, *in personam,* jointly and severally, for the damages sustained by PRC, plus such other amount or amounts as may be proven herein, plus interest, costs and attorneys' fees, pursuant to law; and

8.1.4   For all such other and further relief, in law or in equity, to which PRC may show itself justly entitled.

Respectfully submitted,

**THE KIM LAW FIRM**

*/s/ John H. Kim*
John H. Kim
TX State Bar No. 00784393
Federal ID No. 15626

                                4309 Yoakum Boulevard, Suite 2000
                                Houston, TX 77006
                                Telephone: 713 522 1177
                                Facsimile: 888 809 6793
                                jhk@thekimlawfirm.com

                                ATTORNEYS FOR PLAINTIFF

**OF COUNSEL**:

Spagnoletti & Co.
Francis I. Spagnoletti
TX State Bar No. 18869600
Federal ID No. 5369
David S. Toy
TX State Bar No. 24048029
Federal ID No. 588699
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:  713 653 5600
Facsimile: 713 653 5656
fspagnoletti@spaglaw.com
dtoy@spaglaw.com


The Kim Law Firm
Denise H. Mitchell
TX State Bar No. 24010933
Federal ID No. 56991
denise@thekimlawfirm.com